BERNHARD MUENCH, Landlord-Appellant, *v.* JOHN ENRIGHT, Tenant-Respondent.

(Supreme Court, Appellate Term, Second Department, December, 1916.)

Landlord and tenant — summary proceedings — when not maintainable — evidence.

The landlord of a factory agreed with one of the tenants that in partial return for services as superintendent and manager of the building he should have the use of the part occupied by him and, acting in his own interest and against that of the landlord, he rented a part thereof to another. On affirming a dismissal of a summary proceeding against the said tenant and his under tenant, upon the ground that the petitioner had failed to prove a case, held, that the evidence showed that the relation existing between the alleged tenant and the petitioner was not that of landlord and tenant but only that of employer and employee, and that the summary proceeding was not maintainable.

That any rights obtained by the alleged under tenant were entirely dependent upon the alleged tenant's right of possession and that if that failed any rights of the alleged under tenant also fell.

APPEAL by the landlord from a final order of the Municipal Court of the city of New York, borough of Brooklyn, third district, made September 13, 1916, dismissing a summary proceeding for the possession of real property after a trial by the court without a jury upon the ground that the petitioner had failed to prove his case.

William A. Wight, for appellant.

M. V. McDonald, for respondent.

BENEDICT, J.  This is a summary proceeding for the removal of the tenant from certain real property consisting of the second floor of No. 176 North Fourth street in the borough of Brooklyn, on the ground that the tenant and undertenants hold over after expiration of a monthly tenancy.  The answer of the tenant is a general denial except of the allegation in the petition that the petitioner is the owner of the premises. The answer of Lucille J. Enright claims that she was a tenant also, alleging a lease from the landlord for one year from May 1, 1916.

John Enright, the tenant, a manufacturer of metal goods, has occupied the loft in question for twenty-eight years past.  The building was occupied by twelve other tenants.  On March 4, 1913, an agreement in writing was entered into between the landlord and tenant settling a dispute which had arisen over the amount of rent due from the tenant, and by reason of the non-payment of which dispossess proceedings had been begun against the tenant.  This agreement recited that Enright was then in possession of the second floor of the premises, No. 176 North Fourth street, "as a monthly tenant by the month at and for the monthly rental of thirty dollars ($30) per

Misc.]    Supreme Court, Appellate Term, December, 1916.

month, payable in advance on the first day of each and every calendar month.'' It also recited that the tenant owed $185 for past due rent, and he agreed to pay $60 in cash and $60 monthly until the arrearage should be paid in full. In July, 1914, the former superintendent and manager of the building having died, negotiations were entered upon between the landlord and the tenant by which the tenant was to become the manager of the building. By an agreement in writing, dated September 16, 1915 (doubtless an error for 1914), Enright agreed to superintend and manage the factory building for the year 1915 to the best of his ability, and in return for this service he was to have the use of the loft in question free of rent, and in addition he was to receive fifteen per centum of the net income of the building for the year above $1,200, as such net income was defined by the terms of the contract. It is quite clear that both parties acted during the year 1915 under this agreement, Enright making a lease to a tenant of the first loft, and being recognized by the landlord as his representative to deal with other tenants. As to the McDowell lease, although the landlord's wife, who was his business representative, testified that neither the landlord nor she had authorized Enright to make it, and did not know at the time that he had done so, yet they accepted the rent due under it. Enright also gave a written lease to his daughter, Lucille J. Enright, dated April 14, 1916, to run for one year from May 1, 1916, with an option to her for a renewal for another year at the yearly rental of $360, payable monthly. His purpose and intent in making this lease was shown by his admission. He clearly acted in his own interest alone and against the interest of his landlord. In view of these statements and of Enright's admission that he was at the time of trial

" the legal occupant in possession of the premises " and that Lucille was the undertenant, and, in view of the absence of any proof that this lease was brought to the attention of the landlord or assented to by him or that Lucille Enright ever attorned to him or paid any rent to him, it must be held that any rights which Lucille Enright obtained through it (if any such there were) were entirely dependent upon her father's right of possession, and that if that failed her rights would fall with it.

With regard to Enright it may be said that at the expiration of the agreement, at the end of 1915, his rights, viewed either as arising under a lease or a personal employment, would continue for another year in the absence of any change of position of the parties or any new agreement between them. A new agreement in writing was, however, made on January 10, 1916. This agreement was similar in terms to the preceding one, except in an inconsequential change of verbiage used in the second clause and in an additional clause which reads as follows, the tenant in form being the first person speaking: " It is further understood and agreed that this contract is terminable at will by myself or by yourself, or your personal representatives or assigns." The tenant tried to show that these words were inserted without his knowledge, although the paper was offered in evidence by him and admitted over the landlord's objection. The tenant said he did not know who prepared it; that he saw it was apparently a copy of the one of the year before and that he had prepared the draft of the agreement of the year before. When he discovered that the later one contained the clause above recited, he complained of it to the landlord's lawyer, Mr. Wight, and the latter said something to him about making compensation to him in case the agreement should be canceled in case of

Misc.] Supreme Court, Appellate Term, December, 1916.

the death of Mr. Muench within the year. But nothing else appears to have been done regarding the clause, and it was never stricken out or canceled.

The petition states that the tenant, John Enright, was a monthly tenant; that the last term of one month expired on April 30, 1916; that the five days' statutory notice of such expiration was given to the tenant before the expiration, a copy of the alleged notice being annexed to and made a part of the petition. The answer denied these allegations and no proof as to them was offered on the trial, except proof by his own admission that the tenant still remained in possession at the date of the trial.

Upon this state of the record the learned court below was clearly right in dismissing the petition. The existence of a monthly tenancy was not shown by the landlord's evidence. On the contrary, it was distinctly negatived by the evidence contained in the tenant's two agreements above referred to. These agreements did not constitute demises at all, nor create any estate as such in the tenant. Each of them was an agreement for the hiring of the personal services of Enright as superintendent or manager of the building No. 176 North Fourth street for the term of one year, compensation for his services to be made in part by his right of occupancy of the second floor in that building. This right depended upon the continuation of the contract of hiring to which it was incident, and it would be terminated, *ipso facto,* by the happening of any contingency which would put a period to that employment. This proceeding, based as it was upon a wrong theory, could not be sustained. The very cases cited by counsel for the petitioner indicate clearly that the relation existing between him and Enright under the two agreements was not that of landlord and tenant, but only that of employer and employee. As said in

Supreme Court, Appellate Term, December, 1916.   [Vol. 97.

one of the cases cited on the landlord's brief, " to call it a tenancy would be a confounding of all legal distinctions." Final order affirmed, with twenty-five dollars costs.

JAYCOX and CLARK, JJ., concur.

Final order affirmed, with costs.